**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CYBERNETICS & SERVICES, INC., etc.,

        Plaintiff,

vs.                                              Case No. 3:09-cv-231-J-32HTS

HITACHI DATA SYSTEMS CORP., etc., et al.

        Defendants.

## **ORDER OF REMAND**[1]

This commercial contract dispute was filed in Florida's Fourth Judicial Circuit Court on June 13, 2006 by plaintiffs CSX Technology, Inc. and Cybernetics & Services, Inc. ("Cybernetics")[2] against defendants Hitachi Data Systems Corp. and Hitachi Data Systems Credit Corp. (together, "Hitachi") and Banc of America Leasing & Capital, LLC seeking over $3,000,000.00 in damages. After discovery and two rounds of amended pleadings, only Cybernetics and the Hitachi defendants remained and, seven months after Cybernetics filed its Second Amended Complaint in August 2008, Hitachi discovered that Cybernetics had misrepresented its citizenship in its earlier papers and the parties were actually diverse.[3]

---

    [1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

    [2]The original case style listed "Cybernetics & Systems, Inc., a Delaware corporation" as a plaintiff instead of "Cybernetics & Services, Inc." (the party referenced throughout the body of the complaint). See Original Complaint (Doc. 1 at Exh. C).

    [3]Pursuant to 28 U.S.C. § 1332(c)(1), barring exceptions not applicable here, a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The original complaint alleged that

Hitachi therefore removed the case to this Court on March 11, 2009. Cybernetics promptly moved to remand on grounds that the Notice of Removal was untimely (Doc. 13). Hitachi filed a response in opposition (Doc. 16) arguing that Cybernetics actively misrepresented its citizenship such that any applicable deadline should be equitably tolled. The parties filed additional briefs and the Court conducted a hearing lasting nearly two hours before taking the matter under advisement. See Doc. 36 (July 1, 2009 hearing transcript, incorporated herein by reference).[4] Now, having further considered the parties' arguments and papers, and upon review of additional relevant caselaw, the Court finds that Hitachi did not remove this case within the time limits established by the removal statute; moreover, while the conduct of Cybernetics' counsel fell short of the standards of diligence and professionalism expected of attorneys who practice in this Court, their actions do not create a basis to set aside the time limits of the removal statute, even if such limits are subject to equitable tolling.

---

plaintiff CSX Technology, Inc. was a Virginia corporation with its principal place of business in Florida; plaintiff Cybernetics & Services was a Delaware corporation with its principal place of business in Florida; the two Hitachi defendants were both Delaware corporations with their principal places of business in California; and Banc of America Leasing & Capital, LLC was alleged to be a Delaware limited liability company with its principal place of business in Delaware. See Doc. 1 at Exhibit C. Upon further inquiry by this Court into the membership of the LLC, the record now further shows that Banc of America Leasing & Capital, LLC actually has its principal place of business in California and its two members, Bank of America, N.A. and Bank of America Leasing Commercial Markets, Inc., are citizens of North Carolina, Delaware and Georgia. See Doc. 31. As now admitted by Cybernetics & Services, it is actually incorporated in Virginia, not Delaware, thus making the parties completely diverse.

[4] Hitachi also filed a Notice of Filing with Request for Judicial Notice (Doc. 32) containing various attachments, which Cybernetics moved to strike (Doc. 33) and Hitachi argued to retain (Doc. 34). The filings Hitachi sought to have judicially noticed were discussed at the hearing and it is therefore appropriate to deny Cybernetics' motion to strike so that these filings remain part of the record.

2

The Court reluctantly concludes that this case is therefore due to be remanded.

As discussed by the Court on the record at the end of the July 1, 2009 hearing, this result seems unfair because this case could have been removed on "Day One" had Cybernetics not misrepresented its citizenship in its original complaint. Hitachi strongly implies that Cybernetics did so intentionally so as to avoid removal, but the Court does not find this to be so; the Court assumes it was oversight- - a failure of diligence on counsel's part. Nevertheless, Cybernetics originally did misrepresent its citizenship and, as lawyers do (and should be able to do), Hitachi's lawyers relied on Cybernetics' representations about its own citizenship and assumed the case was not subject to removal. Then, two years into the litigation, Cybernetics' counsel discovered that the earlier allegations regarding its client's citizenship had been wrong. Instead of immediately notifying opposing counsel as they should have done, counsel simply inserted the correct information into Cybernetics' 132 paragraph, 31 page Second Amended Complaint, filed in the state court on August 11, 2008. Hitachi did not review (as it should have) the new jurisdictional allegations of the Second Amended Complaint and responded to it by filing a motion to dismiss. This is partly explained by the fact that Cybernetics misrepresented that any change had occurred, stating, for example, in an October 27, 2008 state court filing that "[o]ther than the addition of the new Count II against [Hitachi] (and the requisite re-numbering of paragraphs and claims), the Second Amended Complaint **is identical** to the Amended Complaint . . . ." See Doc. 1, Exhibit C (state court docket, Doc. 166 at 10-11) (emphasis added).[5]  Four months later,

---

[5] Hitachi's counsel also represents that it received verbal assurance from Cybernetics' counsel that but for the addition of a new cause of action, the two complaints were otherwise

3

after Hitachi's motion to dismiss was denied and their counsel were preparing an Answer to the Second Amended Complaint, an alert paralegal noted that the allegation regarding Cybernetics' state of incorporation in paragraph two of the Second Amended Complaint was now different. Hitachi immediately investigated with the relevant Secretaries of State to verify Cybernetics' state of incorporation, realized that Cybernetics had misrepresented its citizenship in its earlier papers, and filed their Notice of Removal on the basis of diversity jurisdiction on March 11, 2009.

Pursuant to 28 U.S.C. § 1446(b), a case is removable within thirty days of the receipt of an initial pleading or of an amended pleading, motion, order or other paper which sets forth a basis for removal. The second paragraph of this section further explains that in diversity cases, removal based on an amended pleading or other paper is only available within the first year of the case.[6] The parties take differing views of how this statute's time

---

"identical." Cybernetics' counsel does not dispute the conversation though neither does he specifically recall it.

[6] To effect removal, the removal statute provides as follows:
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on

4

limits apply here, with Cybernetics arguing that it was only the filing of the Second Amended Complaint that revealed that the case was subject to removal and, as the petition was filed more than one year after the case began, removal is not available. Hitachi argues that the case was originally removable (and that the one year limit in the second paragraph of § 1446(b) therefore does not apply) and that it was only Cybernetics' misrepresentation in misstating its citizenship that prevented Hitachi from discovering so any sooner. Even taking Hitachi's view of this statute, however, there still must be an "initial pleading" setting forth a basis for removal. Here, that document is either the original complaint (as Hitachi argues) or the Second Amended Complaint (as Cybernetics argues). In either case, however, Hitachi did not file its Notice of Removal within thirty days of its receipt as required by 28 U.S.C. § 1446(b).[7]

Federal courts are courts of limited jurisdiction and removal statutes are to be strictly construed. University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). The plain

---

the basis of jurisdiction conferred by section 1332 of this title
more than 1 year after commencement of the action.
28 U.S.C. § 1446(b).

[7]Cybernetics disagrees that the first paragraph of 28 U.S.C. § 1446(b) is applicable here, arguing that the second paragraph (which applies to cases not originally removable) should govern. This paragraph, however, has a strict one year time limit so the case would not be removable under the second paragraph either absent the availability of equitable tolling. The Court need not definitively resolve which paragraph applies because, as discussed below, it does not find that the doctrine of equitable tolling, even if available, would serve to toll either deadline under the facts of this case.

5

language of the removal statute admits of no exceptions to its time strictures.[8] While the principles governing the fraudulent joinder doctrine provide some basis to conclude that a plaintiff's litigation posturing may in certain circumstances toll the removal statute's time limits, review of the relevant Eleventh Circuit authorities does not persuade the Court that equitable tolling principles are to be applied in other situations. See, e.g., Lowery v. Alabama Power Co., 483 F.3d 1184, 1213, n.63 (11th Cir. 2007) (discussing a plaintiff's ability to file her papers in a manner which will keep her case "beyond the reach of federal jurisdiction"); Burns, 31 F.3d at 1095, n.4 (discussing, in dicta, a plaintiff's successful avoidance of federal jurisdiction by "artful pleading"). Moreover, even if the Court did determine that equitable tolling was available in some situations, the circumstances here are distinguishable from those cases in which equitable concerns served to toll the removal statute's deadlines. See, e.g., Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003) (finding removal deadline subject to tolling where plaintiff's efforts at forum manipulation included suing a party against whom she had no cause of action and signing and post-dating documents to thwart defendants' repeated efforts to timely remove case).[9] Given the narrow construction with which removal statutes are to be construed, the Court finds this case must

---

[8]The statute's time limits, however, are not jurisdictional and a plaintiff may waive them by either failing to timely move to remand, or by taking actions demonstrating an assent to federal jurisdiction. See 28 U.S.C. § 1447(c) (setting forth 30 day limit for remand motions in diversity cases); Weeks v. Fidelity & Casualty Co. of New York, 218 F.2d 503, 504 (5th Cir. 1955) (describing affirmative action that might constitute waiver). Neither of those circumstances apply here.

[9]If this Court was persuaded that the actions of Cybernetics or its counsel had been intentionally deceptive, rather than merely negligent, the Court would seriously consider applying equitable tolling.

be remanded.

Having reached this legal determination, the conduct of Cybernetics' counsel warrants further comment before this case returns to state court. Initially, Cybernetics' counsel was careless in not accurately investigating and representing its own client's citizenship. Then, once counsel finally discovered the error, counsel acted unprofessionally in not immediately revealing it to opposing counsel. Moreover, counsel compounded the error by misrepresenting in a filing with the state court that no changes had been made to the Second Amended Complaint other than those identified. Finally, counsel took the disingenuous position in their papers filed here that the failure to unravel the truth about Cybernetics' citizenship any earlier was Hitachi's fault.[10] While the Court does not adopt Hitachi's view that these actions (and others) were part of a deceptive plot by Cybernetics to deprive Hitachi of its statutory right to remove this case to federal court, neither can the Court condone them. Nonetheless, the Court finds it has no option but to remand the case without further action.

The Court has strongly considered whether it can and should award fees and costs against Cybernetics in the unusual circumstances here. However, the Court does not read 28 U.S.C. § 1447(c) as contemplating the assessment of fees against a party who successfully secures a remand (and under these circumstances, Cybernetics' own request for fees under this statute is denied). Additionally, while not minimizing the gravity of the

---

[10] While the Court agrees that Hitachi, as the party which wished to remove, could have done more to discover the jurisdictional misrepresentation, Cybernetics, by its own actions, is in no position to say so.

7

circumstances described above, the Court does not find they warrant an assessment of fees under 28 U.S.C. § 1927.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's motion to remand (Doc. 13) is **GRANTED**. The Clerk shall remand this case to the Fourth Judicial Circuit Court in and for Duval County and shall thereafter close this file.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of July, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record

Clerk of Court, Fourth Judicial
Circuit in and for Duval County